## RENDER v. CAPITOL HILL UNDERTAKING CO.

No. 23933.    June 11, 1935.

Rehearing Denied July 30, 1935.

Application for Leave to File Second Petition for Rehearing Denied Jan. 21, 1936.

John R. Guyer, for plaintiff in error.

Billups & Billups, for defendant in error.

BUSBY, J. This action was commenced on January 2, 1929, in the district court of Oklahoma county by S. P. Render, as plaintiff, against the Capitol Hill Undertaking Company, a corporation, as defendant. The plaintiff sought to compel the defendant corporation to recognize him as the owner of eight shares of the capital stock in said corporation and to issue and deliver to him a certificate representing said shares.

It appears from the record that in 1923, the plaintiff, S. P. Render, and his wife, J. T. Render, were the owners of 46 shares of stock in the defendant corporation, of which 23 belonged to the plaintiff and 23 belonged to his wife. On or about the 1st day of January, 1924, plaintiff, acting for himself in connection with his own stock and for his wife in connection with her stock, executed an assignment in blank and delivered the certificates of stock to one C. P. Beauchamp, who was then the secretary and treasurer of the defendant corporation as well as its general manager.

Thereafter it appears that Mr. Beauchamp inserted his own name in the assignment and, assuming to own the stock, surrendered the same and caused new certificates to be issued to himself. Thereafter, by assignment, transfer, and reissue, this stock became the property of J. M. Draper and Allen Street.

Between the time that plaintiff and his wife assigned their stock in blank and delivered the same and the time this action was brought, plaintiff acquired a certificate of stock through Beauchamp showing him to be the owner of 15 shares in the defendant corporation.

About the time this action was commenced in the district court of Oklahoma county, a companion case was commenced by the wife of plaintiff to require the defendant corporation to issue her a certificate showing her to be the owner of 23 shares of stock in the defendant corporation. The two actions were based upon the same theory and involved the same transaction; the plaintiff having handled his wife's stock as her agent in the same manner and at the same time that he handled his own stock.

The case between J. T. Render and the Capitol Hill Undertaking Company was tried in the district court of Oklahoma county and resulted in a judgment in favor of the plaintiff in that action. The case was then appealed to this court and the decision of this court upon the questions therein involved is reported under the style of Capitol Hill Undertaking Co. v. Render, 149 Okla. 133, 299 P. 854. The opinion as prepared for this court by Mr. Justice Andrews carefully reviews the facts in connection with the transaction and announces the rules of law applicable thereto. This court decided that the case should be reversed and remanded, with directions to dismiss the action. After the decision of this court in the case of Capitol Hill Undertaking Co. v. Render, supra, this case was tried in the district court of Oklahoma

county and resulted in a judgment in favor of the defendant, Capitol Hill Undertaking Company. The plaintiff brings the case to this court on appeal, appearing herein as plaintiff in error.

The essential facts as disclosed by the record now before us are the same as the facts presented by the record in the case of Capitol Hill Undertaking Co. v. Render, supra. There are some slight variations in the testimony adduced by the plaintiff which are immaterial as far as the result of the litigation is concerned. Some additional evidence was produced by the defendant which was not available at the time the reported case was tried. There is this difference in the two cases which is favorable to the defendant herein: The former case was decided by the trial court in favor of the plaintiff therein and was decided by this court adversely to the plaintiff, notwithstanding the presumption in favor of the correctness of the finding of the trial court upon all disputed questions of fact, whereas in the case at bar, the decision of the trial court, being favorable to the defendant, carries with it a presumption of the correctness of the finding of the trial court upon all disputed questions of fact, which presumption operates in this case in favor of the defendant.

We have carefully reviewed the record herein and examined the briefs presented and find nothing that renders the rules of law recognized and announced by this court in the case of Capitol Hill Undertaking Co. v. Render, supra, inapplicable. The facts as therein stated being essentially the same as the facts in the case at bar, except for the variations already mentioned, we deem it unnecessary to incumber this opinion by again reviewing those facts or supplementing the same.

The rules of law which governed our decision in the former case are decisive of the issues herein involved, and the syllabus of that case is hereby adopted as the syllabus of this case. The judgment of the trial court is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS and CORN, JJ., concur.